UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. McCARTY,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. C-04-05060 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Motion for Fed. R. Civ. P.**<br>**60(a) Order and Motion to Set**<br>**Aside Wrongful Offset of EAJA**<br>**Attorneys' Fee.** |

　　　　In the underlying action, plaintiff Steven McCarty ("plaintiff") challenged the Social Security Administration's denial of benefits.  This court held in favor of plaintiff and remanded the case for a new determination date regarding the onset of plaintiff's disability.  The court subsequently awarded plaintiff attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d).  Plaintiff's counsel, Ian M. Sammis ("Sammis") now moves the court to amend its original order pursuant to Fed. R. Civ. P. 60(a) to provide that the EAJA attorneys' fees be awarded directly to him; or in the alternative, to set aside an administrative offset of the EAJA award in the amount of $669.07.

## BACKGROUND

Plaintiff brought this action challenging defendant's denial of disability benefits. On October 14, 2005 this court entered final judgment in favor of plaintiff and remanded the action for further administrative proceedings pursuant to 42 U.S.C. section 405(g). Docket Entries 29–30. On November 23, 2005 plaintiff filed a motion for attorneys' fees pursuant to the EAJA. Docket Entry 32. Plaintiff eventually requested an EAJA attorneys' fee award of $4,981.42. Docket Entry 37. On February 21, 2006 this court granted plaintiff's motion and ordered defendant to pay attorneys' fees of $4,460.53 directly to plaintiff, who was the "prevailing party." Docket Entry 41. On March 1, 2006 defendant initiated payment of EAJA fees. Pl.'s Exh. A. On approximately March 8, 2006 the Department of Treasury, Financial Management Service ("Treasury") notified plaintiff that $669.07 of plaintiff's EAJA award had been applied to a debt plaintiff owed to the Internal Revenue Service.[2] Pl.'s Exh. B. On April 26, 2007 plaintiff filed this motion to request that the court amend its original order to provide the EAJA attorneys' fees directly to Sammis, or in the alternative, to set aside the administrative offset in the amount of $669.07. Docket Entry 43.

## LEGAL STANDARD

Upon its own initiative or on the motion of any party, a court may, at any time, correct clerical mistakes in judgments, orders or other parts of the record arising from oversight or omission. See Fed. R. Civ. P. 60(a). Such a correction may only conform the judgment to the court's original intent, however. See Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir. 1993) (citing Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990 ) ("A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision.")).

2

DISCUSSION

I.  Motion to Amend the Original Order

Sammis argues this court erroneously granted EAJA attorneys' fees to plaintiff. Sammis argues, as the attorney for the prevailing plaintiff in the underlying action, that the EAJA attorneys' fees should have been awarded directly to him. Defendant raises three objections. First, defendant contends that plaintiff's motion is procedurally improper because the dispute at issue is not a "clerical error" as required by Rule 60(a). Defendant argues plaintiff's motion should be made pursuant to Rule 59(e) or Rule 60(b). Second, defendant argues that the court should dismiss plaintiff's motion because even if it was brought pursuant to either Rule 59(e) or Rule 60(b), the motion would be time-barred. Finally, defendant argues that Sammis, acting as counsel in the underlying action, cannot be the "prevailing party" as defined by the EAJA, and thus the court acted properly in granting attorneys' fees directly to plaintiff.

A.  Rule 60(a)

Defendant argues that the remedy plaintiff seeks is not a clerical error, and thus Sammis' Rule 60(a) motion is improper. Sammis does not address these contentions in his reply. Rule 60(a) reads, in relevant part:

> Clerical Mistakes: Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

"In deciding whether the district court may alter a judgment pursuant to Rule 60(a), [the] focus is on what the court originally intended to do." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). This limits the use of Rule 60(a) to correct errors in oversight and omission, which are "blunders in execution." Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). Rule 60(a) "cannot be used to correct more substantial errors, such as errors of law." Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) (per curiam).

There is no question that the court originally intended to award attorneys' fees under EAJA to the original plaintiff and not his counsel. Since the court's holding did not deviate from its

3

original intention, there is no clerical error for Rule 60(a) to remedy. Further, in the original action, Sammis gave no indication he did not intend the judgment to turn out as it did. Sammis repeatedly requested this court to award EAJA attorneys' fees to plaintiff.[3] Thus, there was no error among the parties themselves. See Waggoner, 743 F.2d at 644–45 (denying Rule 60(a) motion when "[t]here is no allegation here that the parties did not intend the judgment to say exactly what it did"). Accordingly, plaintiff is not entitled to relief under Rule 60(a).

B.     Rules 59(e) & 60(b)

Because Sammis is not asking the court to correct a clerical error, Sammis must meet the requirements of Rule 59(e) to alter or amend a judgment. See McCalla v. Royal MacCabees Life Ins. Co., 369 F.3d 1128, 1130 (9th Cir. 2004) (holding "a post judgment motion will be considered a Rule 59(e) motion where it 'involves a reconsideration of matters properly encompassed in a decision on the merits'") (quoting White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451 (1982)). However, a party seeking to alter or amend a judgment pursuant to Rule 59(e) must file the motion within ten days of entry of the original judgment. Fed. R. Civ. P. 59(e); McCalla, 369 F.3d at 1128–29. This court awarded attorneys' fees to the original plaintiff over a year ago. Thus, Sammis is time-barred from bringing any motion pursuant to Rule 59(e).

Alternatively, Sammis might have brought this motion pursuant to Rule 60(b), which allows the court to relieve a party from final judgment due to a "mistake" or "newly-discovered information." However, Rule 60(b) motions based on alleged mistake or newly-discovered information must be brought within a year of the original judgment. See Fed. R. Civ. P. 60(b). As attorneys' fees pursuant to the EAJA were awarded over a year ago, a motion made pursuant to Rule 60(b) would be similarly time-barred.

In conclusion, plaintiff's desired remedy falls outside the scope of Rule 60(a). Further, even if plaintiff had properly brought his motion pursuant to Rule 59(e) or Rule 60(b), his motion would have been time-barred. Thus, plaintiff's motion fails on procedural grounds.

C.     Prevailing Party under EAJA

The parties dispute whether Sammis, as plaintiff's counsel in the underlying action, can be

4

1  directly granted EAJA attorneys' fees. Sammis argues that the policy underlying EAJA requires the
2  attorneys' fees to be awarded directly to him. Defendant argues that other Circuits have interpreted
3  the term "prevailing party," in both EAJA and similar fee-shifting statutes, to specifically exclude
4  the prevailing party's counsel. Neither party cites any binding Ninth Circuit authority interpreting
5  the EAJA directly on this issue; the court will thus proceed by considering the text of the statute and
6  analyzing other circuits' interpretation of the EAJA and similar fee-shifting statutes.

   The court finds that both the plain language and construction by other courts of the EAJA
   support defendant's contention that the term "prevailing party" excludes the parties' counsel.
   Except as otherwise prohibited by statute, the EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § (d)(1)(A).

   The term "prevailing party," as found in EAJA and other fee-shifting statutes, is to be interpreted consistently. See McQuiston v. Marsh, 790 F.2d 798, 800 (9th Cir. 1986). The Eleventh Circuit found that practically every statute that provides for attorneys' fees to the prevailing party grants the award directly to the party and not the party's counsel. Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1510 (11th. Cir. 1988). This interpretation has been consistently applied to the EAJA. See Panola, 844 F.2d at 1511 (holding Congress' intent was to award attorneys' fees under the EAJA to the prevailing party and not to its counsel); Phillips v. General Servs. Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991) (holding that the language of EAJA requires any fee award to be made directly to the prevailing party and the party's attorney cannot directly claim entitlement to the award). The Supreme Court, the Ninth Circuit, and other Circuits have similarly interpreted other fee-shifting statutes with "prevailing party" language to award attorneys' fees directly to the party and not the party's attorney. See Evans v. Jeff D., 475 U.S. 717, 731–32 (1986) (holding that

5

the "prevailing party" language in 42 U.S.C. section 1988 indicates Congress intended to bestow an award of attorneys' fees directly to the prevailing party); Gilbrook v. City of Westminster, 177 F.3d 839, 875 (9th. Cir. 1999) (following Evans in holding that 42 U.S.C. section 1988 awards attorneys' fees directly to the prevailing party and the contract between the party and his lawyer determines the disposition of the award); see also U.S. v. McPeck, 910 F.2d 509, 513 (8th Cir. 1990) ("[W]hen a statute awards attorneys' fees to a party, the award belongs to the party, not to the attorney representing the party."). Thus, based solely on the language of the statute as consistently interpreted by other courts, the award of attorneys' fees belongs directly to the plaintiff, who is the "prevailing party."

Panola provides the most persuasive analysis describing how other provisions of the EAJA rule out the possibility that Congress intended the EAJA to award attorneys' fees directly to an attorney. First, the statute defines "fees and expenses" to include attorneys' fees alongside costs for other expert witnesses. See 28 U.S.C. § 2412 (D)(2)(A); Panola, 844 F.2d at 1511. Congress could not have intended every attorney representing the client or every engineer and scientist acting as an expert witness to be able to seek separate claims for compensation before the court. See Panola, 844 F.2d at 1511. The EAJA also requires the prevailing party to submit an application for fees and expenses that includes "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed." 28 U.S.C. § 2412(d)(1)(B). As the court held in Panola, this provision "clearly manifests Congress' intent that the prevailing party's [sic] lawyer is not considered to be an applicant under the EAJA." Panola, 844 F.2d at 1511.

Sammis' arguments fail to persuade the court that he should be directly granted attorneys' fees. Sammis cites the policy behind EAJA—removing financial obstacles to litigation to allow litigants to pursue actions against the government. This policy, however, is consistent with granting the award directly to the prevailing party.[4] See, e.g., Panola, 844 F.2d at 1507–11. Further, Sammis ignores policy arguments against awarding EAJA fees directly to the prevailing party's counsel. See id. at 1511 (holding that granting attorneys' fees directly to attorneys would disrupt the attorney-

6

client relationship and would result in successive and highly burdensome litigation).

Sammis next points to case law in which courts express concern that attorneys may be discouraged from representing clients because these clients may not tender the proper EAJA award to their counsel. McGraw v. Barnhart, 450 F.3d 494, 503 (10th Cir. 2006). But even McGraw concedes that EAJA fees are to be awarded to the prevailing party and not the party's counsel. See id. ("EAJA fees are not always available, and even if they are, the award is to the claimant . . ."). Assuming arguendo that granting fees and costs directly to the prevailing party will result in attorneys receiving less than full compensation, this concern does not outweigh the mandatory language of the statute granting the attorneys' fees directly to the prevailing party. See Panola, 844 F.2d at 1511 (holding that such fee-shifting provisions "were enacted for the benefit of the persons the statutes are designed to reach" and not "for the benefit of the Bar"); U.S. v. Adkinson, 256 F. Supp. 2d 1297, 1318 (N.D. Fla. 2003) (holding that EAJA awards are to be directed to the prevailing party, not his counsel, even when this results in an attorney receiving "stunningly low" compensation).

Sammis additionally points to a smattering of district court holdings that have awarded EAJA attorneys' fees directly to counsel. None of these cases is persuasive. Sammis relies most heavily upon Dixon-Townsell v. Barnhart, 445 F. Supp. 2d 1283, 1285 (N.D. Okla. 2006), which found that no authority existed to grant the EAJA attorneys' fees award to the prevailing party rather than the prevailing party's counsel. The one court to consider Dixon persuasively rebuked it by noting that Dixon supported its conclusion by citing case law that applies only to pro se litigants. Reeves v. Barnhart, 473 F. Supp. 2d 1173, 1176–77 (M.D. Ala. 2007). The other cases Sammis cites involve sufficiently different circumstances, such as EAJA awards being granted to a plaintiff's attorney when the plaintiff's attorney was required to refund to plaintiff previously awarded attorneys' fees. See Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1366–67 (N.D. Ga. 2005); Kimball v. Shalala, 826 F. Supp. 573, 578 (D. Me. 1993). Outside of Dixon, none of the cases Sammis cites focus upon whether attorneys' fees are properly awarded to the party or the party's attorney, and thus these cases do not overcome the substantial authority reaching the contrary result.

7

**United States District Court**
For the Northern District of California

1    Sammis then attempts to argue the EAJA has been subject to varying interpretations. The
2 sole precedent Sammis cites for this proposition dealt with an entirely different issue than the issue
3 in the instant action. Tressler v. Heckler, 748 F.2d 146, 149 (3rd Cir. 1984). Regardless, the EAJA
4 has not been subject to varying interpretations; Tressler in fact reversed a lower court that
5 misinterpreted the EAJA despite the statutes' clarity. Id. Further undercutting Sammis' position,
6 Tressler concludes the best interpretation of the EAJA requires that the EAJA provide for a
7 mandatory award of attorneys' fees only to a qualified prevailing party. Id.

8    Sammis then relies on case law holding that under 42 U.S.C. section 1988, the decision to
9 grant attorneys' fees to the client or his attorney is just a "technicality" that exalts "form over
10 function." Lowrance v. Hacker, 966 F.2d 1153, 1156 (7th Cir. 1992). In addition to dealing with a
11 statutory provision other than the EAJA, Lowrance is contrary to Supreme Court authority on the
12 issue of attorneys' fees in section 1988 actions. Evans, 475 U.S. at 731–32; see also Willis v.
13 Government Accountability Office, 448 F.3d 1341, 1349 n.7 (Fed. Cir. 2006) (declining to follow
14 Lowrance to the extent it is inconsistent with Evans' holding on section 1988) .

15    Sammis next references the absurdity doctrine as a means of avoiding the unequivocal
16 language of the EAJA. Presumably, Sammis is inviting the court to declare defendant's proposed
17 interpretation as "so gross as to shock the general moral or common sense." United States v.
18 Newsome, 898 F.2d 119, 121 n.3 (10th Cir.) (quoting Crooks. v. Harrelson, 282 U.S. 55, 60 (1930)).
19 As shown by several Circuits and the Supreme Court itself, interpreting "prevailing party" to refer to
20 the prevailing party itself and not the party's counsel does not shock moral or common sense.[5]

21    For these reasons, the court will not revise its original order to award EAJA attorneys' fees
22 directly to Sammis.[6]

23 II.   Administrative Offset

24    The parties dispute whether defendant is liable to plaintiff for the $669.07 administrative
25 offset the Treasury Department withheld from the EAJA award for the purpose of paying off a non-
26 tax federal debt. Plaintiff alleges that defendant erroneously identified and certified to the Treasury
27 Department that the EAJA payment was legally offsetable, and is thus responsible for compensating

28

8

plaintiff for the withheld offset. Further, plaintiff alleges his procedural due process rights were violated by defendant's failure to give notice that the EAJA award was identified as eligible for administrative offset. Defendant argues that the EAJA award was legally offsettable, and even if it were not, plaintiff's dispute is with the Treasury Department.

The Treasury Department has the statutory authority to collect delinquent non-tax debts owed to the federal government by offsetting payments made by other federal agencies. See 31 U.S.C. § 3716; 31 C.F.R. § 285.5(a)(1). Federal agencies must identify payments as legally eligible or non-eligible for administrative offset. 31 C.F.R. § 285.5(e)(8). All federal payments, except for a few delineated exceptions, are subject to administrative offset unless "expressly prohibited by Federal statue." See 31 C.F.R. § 285.5(e)(1), (2)(v). An EAJA award is not one of these listed exceptions. See 31 C.F.R. § 285.5(e)(2).

As discussed above, the EAJA award belongs to the plaintiff and not his counsel. Since all federal payments are subject to administrative offset unless explicitly excluded or prohibited by federal statute, and EAJA awards are not explicitly excluded or prohibited by federal statute, EAJA awards are subject to administrative offset. Thus, defendant was legally justified in identifying the EAJA award as eligible for administrative offset.

Plaintiff argues that his procedural due process rights were violated by defendant's failure to give notice of its determination that his EAJA award was eligible for offset.[7] Procedural due process requires the government to provide individuals with "notice and an opportunity to be heard" before depriving them of property. U.S. v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993). The Treasury Department sent plaintiff notice of the amount and type of debt he owed, notice of the Treasury's intention to collect the debt by offsetting his EAJA award, and the rights available to him to challenge the administrative offset. Pl.'s Exh. B. Plaintiff fails to present any case law holding that the failure to notify a party, not of an offset, but merely that an award is eligible for offset, violates procedural due process. Accordingly, plaintiff received adequate notice and an opportunity to heard.

9

Plaintiff makes much of the fact that EAJA awards are not social security benefits and do not come out of plaintiff's backpay. The court fails to see how this distinction is pertinent, as EAJA awards are eligible for administrative offset. See 31 C.F.R. 285.5(e)(1)-(2). Plaintiff next relies on Dixon for the proposition that courts may reverse an offset of the EAJA attorney award. Dixon, 445 F. Supp. 2d. at 1284. Dixon is readily distinguishable. The court in Dixon found that directly granting the EAJA award to the plaintiff instead of plaintiff's counsel was the result of a typographical error. Id. The court remedied that error pursuant to Fed. R. Civ. P. 60(a). Id. The court then determined that, due to the typographical error, the administrative offset was erroneous and thus reversible. Id. at 1285. The court in Reeves distinguished Dixon on the basis that no typographical error fixable by Rule 60(a) was before the court. Reeves, 473 F. Supp. 2d at 1776. The EAJA award in the instant action was proper and not the result of a typographical error. Thus, as in Reeves, the court declines to reverse the administrative offset.[8]

For the foregoing reasons, the court holds that the administrative offset at issue was proper.

CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion for a Fed. R. Civ. P. 60(a) order and DENIES plaintiff's motion to set aside the administrative offset.

IT IS SO ORDERED.

Date:  August 2, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and is therefore substituted for Commissioner Jo Anne B. Barnhart, the defendant in the underlying action, pursuant to Fed. R. Civ. P. 25(d)(1).

2. Plaintiff's Exhibit B actually makes reference to an earlier notice plaintiff received regarding the administrative offset. See Pl.'s Exh. B ("The Agency has previously sent notice to you at the last address known to the Agency."). According to the exhibit, that notice explained the amount and type of the debt, plaintiff's rights in objecting to the offset, and the Treasury Department's intention to intercept the EAJA award to pay off plaintiff's debt. Id. Neither party provides any documents pertaining to this earlier notice.

3. For example, in plaintiff's original motion for EAJA attorneys' fees, Sammis argued that "plaintiff is the prevailing party for purposes of EAJA fees . . . ." (Docket Entry 31 at 3); that the EAJA exists to "enable persons such as Plaintiff to pursue benefits they legally deserve" (Id. at 6); that "McCarty. . .is a 'prevailing party for purposes of EAJA fees . . . ." (Id. at 10); and urges that"[P]laintiff be awarded attorneys' fees for all work performed by his Counsel before this court." (Id. at 14). Further, in Sammis' own declaration detailing the legal work he conducted in pursuing plaintiff's claims, he concludes by requesting that "plaintiff be reimbursed for attorneys' fees . . . [and] for all work performed by Counsel . . . ." Docket Entry 32 at 8. Even after amending his original declaration, Sammis concludes by urging that EAJA attorneys' fees be granted to plaintiff. Docket Entry 38 at 8. Sammis again requested in his reply that "Plaintiff be awarded attorneys' fees for all work performed by his counsel before this court." Docket Entry 39 at 10. Sammis claims he specifically requested on behalf of plaintiff that the EAJA award be directed to him. Pl.'s reply at 12. Not surprisingly, plaintiff fails to provide any pincite to demonstrate to the court that he actually made this request.

4. Sammis also argues that granting an attorney fee award directly to the prevailing party "renders the government's accounting records inaccurate for purposes of income tax." Pl.'s mot. at 3–4. Regardless of whether this is true, this does not persuade the court to ignore the clear language of the statute and other circuits' holdings on this issue.

5. Because the court finds defendant's argument persuasive under any level of deference, it need not discuss or consider Sammis' analysis of the deference owed to defendant's administrative practice.

6. The court recognizes the distinction between attorneys' fees awarded pursuant to 42 U.S.C. section 406(b) and the EAJA. Section 406(b) awards are paid directly to the attorney from the plaintiff's past-due disability benefits. See 42 U.S.C. § 406(b)(1)(A); Wells v. Bowen, 855 F.2d 37, 41–42 (2nd Cir. 1988). EAJA attorneys' fees awards, unlike section 406(b) awards, do not come out of plaintiff's past-due disability benefits but are fee-shifting awards paid by the government to the prevailing party to defray legal costs. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001); see also Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) (holding that the government can be made to pay EAJA attorneys' fees awards "prior to the ultimate disposition of [plaintiff's] disability claim").

7. Ironically, plaintiff fails to introduce this due process argument in his opening brief, thus denying defendant notice and an opportunity to respond.

8. Plaintiff additionally repeats essentially the same policy arguments he presented earlier to persuade the court that EAJA fees should be awarded directly to the attorney. The court's rejection of plaintiff's policy argument remains the same, especially in regards to plaintiff's recycling of Tressler, which has no perceivable relevance to the issue of administrative offset.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California